NUMBER 13-04-00631-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


_ __________________________________________________________

 

ROQUE ARANDA, APPELLANT,


v.



CATHY MOORES, ET AL., APPELLEES. 

____________________________________________________________


On Appeal from the 214th District Court 


of Nueces County, Texas.


____________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion Per Curiam


 Appellant, Roque Aranda, appearing pro se, appealed an order of the trial court
dismissing his civil lawsuit against prison officials for want of prosecution. Appellant has
failed to request and file a reporter's record in this cause, and appellant's brief in the above
cause was due on October 25, 2007. To date, said brief has not been filed. On November
28, 2007, the Court notified appellant that the appeal was subject to dismissal for want of
prosecution unless, within ten days, appellant reasonably explained his failure to file the
brief and the appellee was not significantly injured by his failure to do so. The order was
sent to appellant's last known forwarding address; however, the notice was returned
unclaimed and no response has been filed. The Court has sent other correspondence to
appellant, which has also been returned as undeliverable.

 Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign
any document filed and "give the party's mailing address, telephone number, and fax
number, if any." See Tex. R. App. P. 9.1(b). Appellant has neither provided this court with
a forwarding address nor taken any other action to prosecute this appeal. 

 Rule 42.3 permits an appellate court, on its own initiative after giving ten days' notice
to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a
requirement of the appellate rules. See id. 42.3(b), (c). Rule 2 authorizes an appellate
court to suspend a rule's operation in a particular case to expedite a decision. See id. 2.
Given the length of inactivity in this appeal and this court's inability to give effective notice
to appellant during the period of inactivity, we suspend Rule 42.3's requirement of ten days'
notice to all parties, and dismiss the appeal on our own motion. See id. 42.3(b), (c).

 The appeal is DISMISSED FOR WANT OF PROSECUTION.



 PER CURIAM

Memorandum Opinion delivered 

and filed this the 10th day of January, 2008.